## JOHN B. LANGLEY

### v.

## WILLIAM C. JONES et al.

A bill to redeem lands sold for taxes, under *Rev. Sup. 992 ¿ 57*, must aver when the defendant received his certificate of sale, and how long he has held it, in order that the court may see that the right of redemption has not been lost through lapse of the time limited by the statute for such redemption.

On objections to bill.

*Mr. G. R. Lindsay,* for complainant.

*Messrs. Potter & Nixon,* for defendant Gage.

In some states the plaintiff, notwithstanding his permission to sue *in forma pauperis*, may, if ultimately unsuccessful, be held liable for costs, *Leggett* v. *Ryan, 55 Miss. 372.*

The application should be made to the judge who granted the original order, *Robinson* v. *Milner, 5 Beav. 49;* and must be made promptly, *Parkinson* v. *Hanbury, 4 DeG., M. & G. 508;* see *Dudley* v. *Balch, 4 Hayw. 193;* and is addressed to the discretion of the court, *Heatherly* v. *Hill, 8 Baxt. 170;* and cannot be made after a non-suit, *Jenkins* v. *Hyde, 6 Maule & S. 228;* although it may be retroactive, *Holmes* v. *Penney, 9 Exch. 584;* and the costs of the motion may be allowed, although not asked for in the notice, *Butler* v. *Gardener, 12 Beav. 525.*

An order requiring a plaintiff to give security for costs, in effect dispaupers him, *Kelty* v. *Valle, 66 Mo. 601.*

If a dispaupered plaintiff recovers judgment, he is entitled to recover his costs before he was dispaupered as well as afterwards, *Revel* v. *Pearson, 12 Ired. 244;* see *Biggerstaff* v. *Cox, 1 Jones 534;* *Crider* v. *Lifsey, 10 Heisk. 456;* although not liable for the costs of. a non-suit, *Slowman* v. *Aynel, Fortes. 320;* see, further, *1 Dan. Ch. Pr. (5th ed.) 43.*—REP.

BIRD, V. C.

The bill is to foreclose.   Gage is made a defendant because he holds some interest in the lands under a certificate of sale made for the collection of taxes.

It is objected that the allegation on this head against Gage shows no equity.   The allegation is that Gage holds a certificate for taxes, and, although the complainant has offered to pay him $500, a sum largely in excess of the sum Gage claims to have paid, and in excess of all costs and charges and expenses, he refuses to receive it.   The complainant then alleges that he is ready and willing to pay Gage any sum of money which may be justly found to be due to him, by reason of his tax title, by this court. Then it is alleged that Gage offered to accept $400 for his interest, and that when that sum was tendered to him he refused to accept it.

Does this make a case for a decree?   We must see if the complainant has brought himself within the act under which he claims the right to redeem.   The act (*Rev. Sup. 992* § *57*) provides that the owner, or mortgagee, occupant or other person, having a legal or equitable interest in lands sold for taxes, may redeem the same at any time within two years from the date of such sale, by paying the amount of purchase-money set out in the certificate of sale, with interest at twelve per centum and fees, costs, expenses and charges.   It is also provided by *Rev. Sup. 992* § *58* that, if the land is not redeemed within two years, then the committee may execute and deliver a deed to the holder of the certificate, which deed shall be recorded within ten days; but, if not so recorded, shall be of no effect against a mortgagee or purchaser in good faith until so recorded.   The same section then provides that, upon the purchaser complying with the terms of the act, he shall hold and enjoy the premises for the full period for which he bought the same.

Now it will be seen that the complainant has not intimated when Gage took his certificate of sale, or how long he has held it, if he still does hold it?   It may be that the two years are up, and that Gage has a deed from the committee which has been re-

corded according to the statute. There is nothing upon the record to convince the court of one thing or the other.

I am obliged to conclude that the complainant has not shown by his bill his right to redeem. I will so advise. The defendant Gage is entitled to costs.